UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESHONE LIVINGSTON,

    Plaintiff,

v.                                                       Case No.  8:17-cv-02276-T-33AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 103, 229–37).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 7–64, 129–39, 146–57).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 31–64).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 10–22).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–5).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1972, claimed disability beginning July 30, 2013 (Tr. 12). Plaintiff obtained a high school education (Tr. 20).  Plaintiff's past relevant work experience included work as a cashier, cook, sorter, housekeeping/cleaner, and as a construction laborer cleaner (Tr. 20).  Plaintiff alleged disability due to sinus problems, asthma, bronchitis, high blood pressure, chronic obstructive pulmonary disease (COPD), and arthritis (Tr. 288).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2013 and had not engaged in substantial gainful activity since July 30, 2013, the alleged onset date (Tr. 12).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity, right knee degenerative joint disease status post total knee replacement, asthma, COPD, sarcoidosis of the lung, sleep apnea, left knee degenerative disease, and hypertension (Tr. 12–13).  Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), with the following additional limitations:  sit for six hours in an eight-hour workday; stand for two hours in an eight-hour workday, and walk for two hours in an eight-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally be exposed to humidity, wetness, dust odors, fumes, and

pulmonary irritants; frequently be exposed to extreme cold and extreme heat; sit/stand option where she can alternate between sitting and standing after thirty minutes; and a cane for ambulation. (Tr. 14-19).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 17).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 20).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an addresser, election clerk, and a plastic design applier (Tr. 21).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to consider Plaintiff's need to use a cane for ambulation *and* balance. Additionally, Plaintiff appears to argue that the ALJ erred by finding that Plaintiff was disabled at step five of the sequential evaluation process because Plaintiff is unable to work full-time. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. Plaintiff's RFC and the Use of Assistive Devices

In determining whether an individual using a hand-held assistive device can perform sedentary work, an ALJ must consider whether the "hand-held assistive device is medically required" and "the particular facts of [the] case." SSR 96–9p; *Baker v. Commr. of Soc. Sec.*, 384 F. App'x. 893, 895–96 (11th Cir. 2010) (unpublished). Here, a review of the ALJ's decision shows that the ALJ properly evaluated the record and that substantial evidence supports her finding that Plaintiff can perform sedentary work (Tr. 14-19).

First, substantial evidence supports the ALJ's finding that Plaintiff's use of a cane was "medically necessary" only for ambulation. Notably, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device . . . describing the circumstances for which it is needed." SSR 96–9p. In formulating her RFC's determination, the ALJ considered the medical opinions on record and the opinions of the State medical examiners. (Tr. 15–18). Although one reporting physician noted that Plaintiff required a cane to walk (Tr. 961, 726), no physician of record rendered an opinion suggesting that the cane was necessarily for balancing, or that the cane limited, in any way, Plaintiff's ability to comply with the exertional requirements of sedentary work. On the contrary, the record contains multiple medical notes indicating that even after Plaintiff's knee replacement surgery, Plaintiff's balance, gait, stance, and musculoskeletal functions were normal (Tr. 946, 950, 954, 958, 965, 705, 708, 711, 713, 714, 1139).

Furthermore, the ALJ considered Plaintiff's testimony concerning the limits on her physical capacity, but discredited Plaintiff's testimony, on the basis that recent physical examinations on record showed that Plaintiff exhibited "normal gait and station," and indicated that Plaintiff could ambulate without an assistive device (Tr. 18). Plaintiff does not challenge the ALJ's credibility determination, therefore, the Court must accept the ALJ's findings on this regard. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (stating that "credibility determinations are the province of the ALJ") (citation omitted). In sum, nothing in the record supports the claim that Plaintiff's use of a cane for balancing was medically necessary or that the use of a cane affected Plaintiff ability to perform sedentary work.

Second, the particular facts of Plaintiff's case failed to support a finding of disability. The Eleventh Circuit recognized that "[e]ven an individual using a medically required hand-held assistive device can perform sedentary work, depending on the facts and circumstances of

6

the case." *Baker,* 384 F. App'x. at 895. The Social Security Rulings ("the Rulings") provide examples of situations, in which the occupational base for an individual using a cane, may or may not be eroded as to prevent such individual from performing sedentary work. The Rulings note, for example, that:

> An individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significant eroded.

SSR 96–9p. The particular facts of Plaintiff's case appear to support the ALJ's conclusion, that despite of the use of a cane, Plaintiff is capable of performing sedentary work. First, and as discussed above, Plaintiff's use of a cane is "medically required" for ambulation only. Specifically, the need for a cane appears to be related to Plaintiff's knee replacement and pain, not a need for balancing (Tr. 43, 726). Further, in determining Plaintiff's RFC, the ALJ considered Plaintiff's "history of surgeries and subjective complains," but found that Plaintiff was appropriately limited to perform sedentary work (Tr. 19). Finally, the VE testified that a person with Plaintiff's RFC limitations, including the need for a cane to ambulate could perform sedentary jobs available in the national economy (Tr. 60). Given the particular facts of Plaintiff's case, the undersigned finds that substantial evidence supports the ALJ's finding that Plaintiff retains the ability to perform sedentary work. *See Baker*, 384 F. App'x. at 895–96 (rejecting a plaintiff challenge to the ALJ's RFC determination that Plaintiff was capable of performing a full range of sedentary work, on the basis that the ALJ had failed to consider the effects of Plaintiff's cane on balancing because the record supported the ALJ's finding that plaintiff's cane was needed only for ambulation).

### B. Disability and Full-Time Work

Plaintiff also appears to argue, although very vaguely, that Plaintiff is disabled because she is unable to work on a full-time basis.[2] Assuming *arguendo* that Plaintiff is challenging the ALJ's finding at step five of the sequential evaluation process, the undersigned finds this argument is meritless. Notably, a finding that the ALJ's determination regarding Plaintiff's RFC is supported by substantial evidence is an implicit finding that Plaintiff is capable to work a regular work day and week. *See Chiappini v. Commr. of Soc. Sec.,* 737 F. App'x. 525, 528 (11th Cir. 2018) (unpublished) (rejecting a plaintiff argument that he was unable to work full time because the court found that substantial evidence supported the ALJ's determination that the plaintiff could perform sedentary work).

Furthermore, nothing in the record seems to support Plaintiff's claim that she is unable to perform sedentary work on a full-time basis. Although, Plaintiff testified that she is unable to sit for more than thirty minutes without pain, is unable to stand for more than five minutes, and unable to walk more than twenty steps without having to stop (Tr. 47), the ALJ discredited Plaintiff's testimony, and Plaintiff failed to challenge the ALJ's credibility determination on any basis. Finally, the VE testified that even with Plaintiff's noted limitations, Plaintiff could perform sedentary work as an addresser, election clerk, and as a plastic design applier (Tr. 60–61). Consequently, the undersigned finds that the ALJ's decision is supported by substantial evidence.

---

[2] The Commissioner argues that Plaintiff's discussion under Section A of her Memorandum of Law—Disability Under Titles II and XVI of the Social Security Act—fails to present any argument challenging the ALJ's decision. Instead, it is simply a recital of Plaintiff's counsel thoughts on "what it means to be disabled under the Act." (Doc. 21 at 5).

IV.

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1.   The decision of the Commissioner be AFFIRMED.

2.  The Clerk be directed to enter final judgment in favor of the COMMISSIONER and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 27th day of December, 2018.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:	Hon. Virginia M. Hernandez-Covington.
	Counsel of Record

9